UNITED STATES of America, Plaintiff-Appellee,

v.

Wallace S. FURUKAWA, Defendant-Appellant.

No. 78–3315.

United States Court of Appeals, Ninth Circuit.

May 14, 1979.

Erick T. S. Moon, Honolulu, Hawaii, for defendant-appellant.

Michael L. Sterrett, Sp. Atty. U. S. Department of Justice, Honolulu, Hawaii, for plaintiff-appellee.

Before BROWNING, CHOY and HUG, Circuit Judges.

PER CURIAM:

On September 27, 1976, appellant Furukawa pleaded guilty to charges of illegal gambling. He was sentenced to a three-year prison term of which he was to serve six months. He was thereafter placed on probation for five years. Three of the conditions of his probation were as follows: (1) "You shall associate only with law-abiding persons and maintain reasonable hours" (condition 2), (2) "You shall follow the probation officer's instructions" (condition 6), and (3) "You [shall] not associate with any known gamblers including but not limited to any person found guilty or pleading guilty in [the case in which Furukawa pleaded guilty and a related case]" (the special condition).

On May 12, 1978, Furukawa's probation officer petitioned for revocation of probation on the ground that Furukawa had violated one or more of the above mentioned conditions on seven different occasions. The district court held a revocation hearing and determined that the evidence established five of the seven charged violations

beyond a reasonable doubt. Noting its particular concern with Furukawa's violation of the instructions of his probation officer, the court revoked probation and ordered that Furukawa serve the balance of his three-year prison term. Furukawa appeals from the revocation order.

The five violations found by the district court involve Furukawa's contact with three individuals: Takagi, Handa and Okubo. Furukawa contends that revocation of his probation should not have been premised upon his contacts with Takagi, Handa and Okubo.

I. *Contacts with Takagi*

Furukawa's probation officer instructed him not to associate with Takagi because it appeared that Takagi was involved in "law-violating behavior." Furukawa first contends that this order was beyond the scope of the officer's authority. He argues that a probation officer may only instruct a probationer "within the limits of the conditions of probation set forth by the court."

Assuming *arguendo* that a probation officer's authority is limited to giving instructions and orders consistent with the conditions of probation, we conclude that the officer here did not exceed his authority in ordering Furukawa to refrain from associating with Takagi.

One of the conditions of Furukawa's probation was that he associate only with "law-abiding" individuals. Furukawa argues that "law-abiding" means "without conviction." However, the case he cites as supporting his definition disproves his argument: In *United States v. Albanese*, 554 F.2d 543, 546 (2d Cir. 1977), the court expressly held that "criminal record" conditions were *not* "simply an 'inverse form' of the 'law-abiding' condition at issue here. The words on their face . . . appear to involve quite different, albeit frequently overlapping, categories of persons. A person disobeying the law today and hence not being law-abiding may as yet have no criminal record, and a person with a past record may be entirely law-abiding today." *Id.*

Here, the probation officer determined that Takagi appeared to be involved in "law-violating" activities after learning that Takagi was reputedly involved with organized crime in Japan, was involved in the operation of a dealing in pornographic materials, and had been arrested for illegally possessing weapons in an automobile. That determination was entirely reasonable. His instruction that Furukawa not associate with Takagi was therefore consistent with the condition that Furukawa associate only with law-abiding individuals.

■ Furukawa next contends that violation of this instruction cannot lead to revocation of probation because the instruction was not reasonably related to his rehabilitation or to the protection of the public. Furukawa's argument is premised on his contention that Takagi is a "law-abiding" individual. However, as we have previously indicated, the probation officer was justified in concluding that Takagi was not "law-abiding." Therefore, we reject this argument, for it is beyond question that preventing a probationer from associating with those apparently involved in criminal activities is "reasonably related" to the probationer's rehabilitation and the protection of the public. *See United States v. Consuelo-Gonzales*, 521 F.2d 259, 264 (9th Cir. 1975) (en banc).

■ Having rejected Furukawa's challenges to the lawfulness of his probation officer's instructions, we affirm the unchallenged finding of the district court that Furukawa violated those instructions.

## II. *Contacts with Handa*

The court also found that Furukawa's contacts with Handa violated the special condition of his probation that he not associate with "known gamblers." Furukawa contends that his contacts with Handa did not amount to "association" as that term was explained to him by his probation officer.

The record shows that Furukawa's probation officer instructed him that "association," as used in the conditions of probation, meant "planned meetings or prolonged contact." Furukawa claims that although he had contact with Handa at a drive-in restaurant, that contact was not "association" as that term has been defined. He further argues that he did not have any other contact with Handa.

Whether or not Furukawa had any contacts with Handa and the nature and extent of those contacts are questions of fact. The record contains testimony that Furukawa associated with Handa in a nightclub on November 23, 1977. We cannot say that the district court clearly erred in crediting that testimony rather than Handa's statement that he was not present at that nightclub on that particular evening or Furukawa's self-serving declaration that he did not see Handa at the club on that particular evening.

The record also indicates, and Furukawa admits, that he had lunch with Handa at a drive-in restaurant. The district court did not clearly err in concluding that this luncheon was an "association" in violation of the special conditions of Furukawa's probation.

■ We therefore affirm the district court's judgment that Furukawa breached the special condition of his probation by twice "associating" with Handa.

## III. *Contacts with Okubo*

Finally, Furukawa contends that his "mere association" with Okubo is not a proper basis for revocation of his probation because he had no knowledge that Okubo had previously been convicted of trespassing.

Furukawa admitted knowing that Okubo had been arrested for narcotics violations and was a gambler. This knowledge should have put him on notice that Okubo was probably not "law-abiding." He thus had fair warning that association with Okubo would violate the second and special conditions of his probation and might "lead to a loss of liberty." *United States v. Dane*, 570 F.2d 840, 843 (9th Cir. 1977), *cert. denied*, 436 U.S. 959, 98 S.Ct. 3075, 57 L.Ed.2d 1124 (1978).

Under such circumstances, Furukawa's contacts with Okubo, like the other contacts which the district court found violated the conditions of his probation, were proper bases for revocation of his probation. Therefore, the district court did not abuse its discretion in revoking Furukawa's probation. *See United States v. Lara,* 472 F.2d 128, 129 (9th Cir. 1972).

AFFIRMED.