[No. A037984. First Dist., Div. Four. Mar. 3, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTOINETTE ROBINSON, Defendant and Appellant.

■■■■■■■
■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■

COUNSEL

James R. Jenner, Public Defender, and Richard Zimmer, Assistant Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and David D. Salmon, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**SABRAW, J.**—Defendant Antoinette Robinson appeals from an order granting probation, challenging one of the conditions imposed. We affirm.

Defendant was charged with transporting and selling cocaine. (Health & Saf. Code, § 11352.) After initially pleading not guilty, defendant withdrew that plea and entered a plea of nolo contendere. The court then entered a finding of guilty.

The court granted defendant probation, conditioned on serving eight months in county jail and payment of $200 restitution. In addition, the court adopted the probation officer's recommendation that defendant not associate with anyone of known criminal record.

Defendant filed a timely notice of appeal.

■■■ Defendant asserts that the court's action in conditioning the grant of probation on the requirement that she avoid persons of known criminal record violated California case law defining standards for conditions of probation. We disagree.

In *People* v. *Lent* (1975) 15 Cal.3d 481 [124 Cal.Rptr. 905, 541 P.2d 545], the Supreme Court approved the holding in *People* v. *Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290], where the court adopted a three-pronged test for assessing the validity of probation conditions. ■■■ "A

condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.'" (*People* v. *Lent, supra,* at p. 486.)

 First, a condition that defendant avoid the company of those persons known to have a criminal record is related to her selling of cocaine. This court does not require a sociological study to establish that illegal drug dealers frequently possess lengthy criminal records. On the other hand, associating with persons known to have criminal records is not criminal conduct. Finally, the environment in which a probationer serves probation is an important factor on the likelihood that probation will be successfully completed. The challenged condition is reasonably related to avoidance of future criminality. By prohibiting defendant from associating with persons having a known criminal record, the court was placing a control over defendant which would assist her in successfully completing probation. We hold that the challenged condition was permissible in the circumstances of this case.

We also perceive no constitutional infirmity in the condition of probation. As the People note, restriction of the right of association is part of the nature of the criminal process. Courts in other jurisdictions have upheld the constitutionality of similar conditions on grants of probation or parole. (*United States* v. *Furukawa* (9th Cir. 1979) 596 F.2d 921, 922-923 [probationer allowed to associate only with law-abiding persons]; *Birzon* v. *King* (2d Cir. 1972) 469 F.2d 1241, 1242-1243 [parole condition prohibiting contact with persons having criminal records permissible].)[1]

The order granting probation is affirmed.

Anderson, P. J., and Channell, J., concurred.

---

[1] We reject defendant's assertion that *In re Mannino* (1971) 14 Cal.App.3d 953 [92 Cal.Rptr. 880, 45 A.L.R.3d 996], renders the condition of probation invalid because it infringes on her right to associate with her family. There is nothing in the present record which suggests that anyone in defendant's family has a known criminal record.