[Nos. G009026, G009027. Fourth Dist., Div. Three. May 7, 1991.]

In re LAYLAH K. et al., Persons Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
LAYLAH K. et al., Defendants and Appellants.

COUNSEL

R. E. Scott and Corinne S. Shulman under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, M. Howard Wayne and Pamela K. Klahn, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SONENSHINE, Acting P. J.—After being declared wards of the juvenile court (Welf. & Inst. Code, § 602), sisters Laylah K. and Sombrah K. were placed on probation and ordered to comply with certain terms and conditions. On appeal, they challenge the imposition of those terms, arguing they bear no reasonable relationship to the offenses and to their social histories.[1]

---

[1] Counsel for both minors submitted briefs requesting this court to conduct a review pursuant to *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. We ordered briefing on the issues addressed in this opinion.

## I

On April 27, 1989, Laylah, Sombrah, and two other girls accosted a woman walking her dog along a street. Demanding to know why she was wearing an article of red clothing, they shouted obscenities and challenged her to fight. Laylah hit the woman twice in the face and, when apprehended by the police, presented false identification.

Laylah admitted violating Penal Code sections 415, subdivision (1) (fighting or challenging to fight in a public place) and 148.9 (providing false identification to a police officer). Assault and battery charges were dismissed. Sombrah admitted violating Penal Code section 415, subdivision (3) (using offensive words likely to incite violence), and the alleged violation of Penal Code section 415, subdivision (1) was dismissed.

## II

As a condition of their probation, the minors were ordered to comply with provisions specified on a preprinted form entitled "Gang Terms and Conditions of Probation." They contend the following terms were unlawfully imposed and should be stricken:

Term 4: Prohibits minors from being out of their homes between 8 p.m. and 5 a.m.

Term 8: Prohibits minors' presence at any known gathering area of the Crips gang.

Term 9: Prohibits association with known members of the Crips gang.

Term 10: Prohibits possession of weapons and association with persons who are in possession of weapons.

Term 11: Orders submission to warrantless search and seizure.

Term 12: Orders submission to chemical testing.

Term 15: Prohibits presence at a court proceeding unless minor is a party, defendant, or witness.

Term 16: Prohibits wearing clothing or emblems affiliated with membership in the Crips gang.

(1a) Relying on *People* v. *Lent* (1975) 15 Cal.3d 481 [124 Cal.Rptr. 905, 541 P.2d 545], the minors argue these conditions were not reasonably related to their crimes or to their rehabilitation. ■ They also contend the terms infringe on their constitutional rights of speech and association and prohibit lawful conduct.

In *Lent*, the Supreme Court determined "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation; fn. omitted.]" (15 Cal.3d at p. 486.) Under Welfare and Institutions Code section 730, when a minor is adjudged a ward of the court on a delinquency petition, the court "may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." This provision has been broadly interpreted.

■ "Because of its rehabilitative function, the juvenile court has broad discretion when formulating conditions of probation. 'A condition of probation which is impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court.' [Citation.]" (*In re Frankie J.* (1988) 198 Cal.App.3d 1149, 1153 [244 Cal.Rptr. 254].)

In view of the unique role of the juvenile court in caring for the minor's well-being, it must consider "not only the circumstances of the crime but also the minor's entire social history" in fashioning conditions of probation. (*In re Todd L.* (1980) 113 Cal.App.3d 14, 20 [169 Cal.Rptr. 625].) Thus, in *Todd L.,* a condition forbidding the minor to consume alcoholic beverages or to be present where another person is consuming alcohol was upheld even though the minor had not committed an alcohol-related offense. (*Ibid.*)

■ The minors contend there is no evidence they were members of a gang. They point out the only evidence the crime was gang related was the reference to the victim's red clothing. They claim statements in the probation report that this indicated "gang overtones," and by the minors' aunt that they were associating with gangs, were merely speculative.[2]

However, both minors admitted they had friends who were members of the Crips gang and Laylah admitted one of the girls with them during this

---

[2]Of course, the minors could have challenged the probation officer's factual statements or conclusions and presented evidence the crime was not gang related. (*People* v. *Arbuckle* (1978) 22 Cal.3d 749, 755 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171].) As they failed to do so, our review is limited to examining the nature of the evidence, not its weight or quality.

offense was a Crips member. In arriving at the recommendations to the court, the probation officer was entitled to rely upon the conclusion of a family member that "if they were not gang members, they were at least gang associates." And, the court reasonably relied upon the probation officer's conclusion Laylah and Sombrah participated in an apparent defense of what they perceived to be a symbolic challenge to Crips' territorialism.

Moreover, the minors' history reflects increasingly undirected behavior. Both were runaways and out of their parents' control. Sombrah had stopped attending school because of pressures there to join the Crips gang. Laylah was also a frequent truant and tended to get into fights at school.

The minors' contention that mere association with gang members does not justify terms aimed at known gang members is extremely shortsighted. Association with gang members is the first step to involvement in gang activity. And, under Penal Code section 186.22, active participation in a street gang, defined as a criminal enterprise, is a crime. In Penal Code section 186.21, the Legislature expressly found "that the State of California is in a state of crisis which has been caused by violent street gangs whose . . . activities, both individually and collectively, present a clear and present danger to public order and safety and are not constitutionally protected."

This court has previously held that probation conditions designed to curb dangerous associations with gangs were not unreasonable. (*In re Michael D.* (1989) 214 Cal.App.3d 1610, 1617 [264 Cal.Rptr. 476].) While Michael D. had admitted gang affiliations, we see no logical or beneficial reason to require a court to wait until a minor has become entrenched with a gang, only then to apply mere prophylactic remedies.

Conditions of probation requiring a probationer not to associate with anyone who possesses a criminal record have been upheld as "reasonably related to avoidance of future criminality." (*People* v. *Robinson* (1988) 199 Cal.App.3d 816, 818 [245 Cal.Rptr. 50].) And a court may certainly order a probationer to refrain from criminal activity of any sort.

These minors were clearly in danger of succumbing to gang pressures. Sombrah had already been pressed to join and Laylah was exhibiting signs of increasingly violent conduct, illustrated by the facts of the instant case. The court properly showed a great deal of concern over their friendliness with gang members and their willingness to attack a woman they thought was wearing the "colors" of a rival gang. If they were not already entrenched in the gang, they were well on their way.

Where a court entertains genuine concerns that the minor is in danger of falling under the influence of a street gang, an order directing a minor to refrain from gang association is a reasonable preventive measure in avoiding future criminality and setting the minor on a productive course. Evidence of current gang membership is not a prerequisite to imposition of conditions designed to steer minors from this destructive path.

Terms 8, 9, 10, 15, and 16 relate to gang behavior. Precluding the minors' presence at known gang gathering areas and association with gang members is reasonably designed to direct the minors away from gang activity, as is the prohibition against wearing gang clothing. The restriction on court attendance is aimed at preventing the gathering of gang members to intimidate witnesses at court proceedings. And, "[g]ang activities and weapon possession go hand-in-hand." (*In re Frankie J., supra,* 198 Cal.App.3d at p. 1154, fn. 4.) All these conditions are reasonably designed to address the problem of gang affiliation.

The minors also challenge other probation conditions, relating to curfew, search and seizure waiver, and submission to chemical testing, as violative of their constitutional rights and unrelated to the charges or to their social histories. We have previously observed that "[e]ven conditions which infringe on constitutional rights may not be invalid if tailored specifically to meet the needs of the juvenile [citation]." (*In re Michael D., supra,* 214 Cal.App.3d at p. 1616.)

Sombrah and Laylah both admitted alcohol use and Laylah admitted marijuana use. In alcohol and drug-related matters, search conditions are reasonable. (*In re Todd L., supra,* 113 Cal.App.3d at p. 20.) Chemical testing is expressly authorized by statute in cases where the minor is not removed from parental custody. (Welf. & Inst. Code, § 729.3.) Further, where the minor remains in the parents' physical custody, Welfare and Institutions Code section 729.2 requires the court to impose a nighttime curfew, unless it makes specific findings that such a condition would be inappropriate.

Sombrah and Laylah were runaways whose parents had lost control over them, justifying greater supervision by the court over their actions. (*In re Jimi A.* (1989) 209 Cal.App.3d 482, 488 [257 Cal.Rptr. 147].) Although they were placed with their parents, the court wisely tailored its order to provide them with the structure and discipline lacking in that environment.

Considering their entire social histories, the conditions were reasonably designed to prevent future criminal behavior.

Judgment affirmed.

Crosby, J., and Wallin, J., concurred.