**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Marlon R. JOHNSON, Defendant—
Appellant.**

No. 02–10256.

D.C. No. CR–94–00067–1–WDB.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 15, 2003.

Before HUG, ALARCON, and GRABER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Defendant Marlon R. Johnson appeals the revocation of his supervised release. We affirm.

It is undisputed that Defendant violated the condition of his supervised release prohibiting him from associating with felons in the absence of permission from his probation officer. The restriction of an individual's associational rights while on supervised release is valid if it is "(1) primarily designed to meet the ends of rehabilitation and protection of the public and (2) reasonably related to such ends." *United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir. 1991).

Defendant first claims that the district court abused its discretion because the revocation was motivated by the probation officer's desire to prevent Defendant from having contact with his daughter. The probation officer's motivation is not relevant, however. We are considering the district court's decision.

Defendant also argues that the court abused its discretion because none of the potential dangers from associating with a felon was realized; this particular association benefited him, he asserts. The district court was not required to agree that the association was beneficial. The district court was within its discretion to believe that the public would be better protected, and Defendant better able to achieve rehabilitation, if he did not associate with felons. *See United States v. Furukawa,* 596 F.2d 921, 923 (9th Cir.1979) (per curiam).

Finally, Defendant claims that the district court violated his constitutional right to procreate. However, he offers no argument in support of this assertion, so we

need not consider it. *Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

AFFIRMED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the