Filed 4/24/13  In re Cynthia L. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re CYNTHIA L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>CYNTHIA L.,<br><br>  Defendant and Appellant. | F064829<br><br>(Super. Ct. No. 510856)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Susan D. Siefkin, Judge.

Suzanne M. Morris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Rebecca Whitfield, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Wiseman, Acting P.J., Poochigian, J., and Peña, J.

In July 2011, appellant, Cynthia L., a minor, pled no contest to a single count of attempted first degree burglary (Pen. Code, §§ 459, 460, subd. (a), 664). In August 2011, the juvenile court adjudged appellant a ward of the court and placed her on probation, with various terms and conditions.

In April 2012, a supplemental wardship petition (Welf. & Inst. Code, § 777) was filed in which it was alleged appellant committed multiple noncriminal violations of probation; appellant admitted the allegations; and the court continued appellant as a ward of the court and continued her on probation. Her conditions of probation included several that refer to criminal street gangs that had not been previously imposed, including the directive that she "not associate or communicate with any person that [she] know[s] is a gang member ...."[1]

On appeal, appellant contends the gang association condition is unconstitutionally overbroad. We affirm.

<strong>FACTUAL AND PROCEDURAL BACKGROUND[2]</strong>

*The Attempted Burglary*

A detention report stated that according to a Modesto Police Department (MPD) report, the victims of the offense told police the following occurred on November 2, 2010: "[Appellant] came to their front door and they thought she was soliciting so they did not answer the door. A short time later, [appellant's] father Jose was attempting to break the glass on the back door to gain entry. Once Jose saw the victims in the residence he fled."

---

**1**      We refer to this condition of probation as the "gang association condition."

**2**      Except as otherwise indicated, all information in this section is taken from the dispositional social study filed April 19, 2012.

*The Instant Probation Violations*

The conditions of probation imposed following appellant's adjudication of attempted burglary included the following: She was to (1) attend school, (2) be in her home between the hours of 9:00 p.m. and 6:00 a.m. unless in the company of her parents, and (3) complete 15 hours of community service by March 27, 2012.

"According to school records from the Peterson Alternative Center Education (PACE) dated April 5, 2012, [appellant] was dropped from enrollment on March 22, 2012, due to excessive absences."

On March 12, 2012, a probation officer made contact with appellant's mother at appellant's last known address. Appellant's mother told the officer she "had not seen [appellant] 'in a while.'" Appellant was arrested at another location on April 4, 2012. She told the officer she had been staying at that location with a friend for approximately one month.

On March 13, 2012, the "coordinator of community service" informed the probation officer that numerous attempts to set up an appointment with appellant "to sign [her] up for her community service hours" had been unsuccessful, and appellant had "not submitted proof of completion of community service."

*Additional Background*

At the time of the disposition hearing in April 2012, appellant, then 17 years old, was approximately eight months pregnant. The "presumed biological father" of the then-unborn child is appellant's boyfriend, K.S. (K.).

With regard to "peer influence and associations," appellant told the probation officer "she only has one friend and would just 'hang out' with [K.]," and she "is aware [K.] is not a good influence on her as he is on probation and is currently incarcerated in

juvenile hall."[3]  Appellant "denied ever associating with a gang."  She told the probation officer, "'My mom's side of the family are Northerners and my dad's side of the family are Southerners.'"  She also stated that both her father and her brother are "involved with Northern and Southern gangs."  An MPD report stated that appellant's father, during the booking process following his arrest for the attempted burglary discussed above, stated he was a "Southerner," and that he was "classified as such and placed with people of similar gang affiliation."

Appellant's mother told the probation officer the following:  Appellant "has a lot of friends" who are "Northerners."  Appellant "is not a member ... but she does hang out with them."  Appellant "'has Northerner songs on [her mother's] phone.'"  Appellant's mother "'didn't allow her to wear red over here.'"  Appellant "was doing good" on probation; she "wasn't out there getting into trouble."  However, "once [K.] got out, it was all about [K.]"

***The Disposition Hearing***[4]

The court noted that gang conditions had not previously been imposed, at which point the following exchange occurred:

"THE COURT:  Is there a basis for ordering [gang conditions] now?

"[Appellant]:  My boyfriend.

"MS. VARNER [probation officer]:  By association.  So her boyfriend, the father of the child."

Appellant confirmed, "... my boyfriend is a gang member."

Defense counsel objected to the gang conditions.

---

**3**    The probation officer noted that K. had been adjudicated a ward of the court, and that on April 17, 2012, he was ordered to serve 270 days in juvenile hall.

**4**    Information in this section is taken from the transcript of the April 2012 disposition hearing.

**DISCUSSION**

Appellant contends the gang association condition is unconstitutionally overbroad because, she asserts, it (1) impinges on her constitutional rights to freedom of association and assembly, (2) is not "reasonably related to present or future delinquent conduct," and (3) is not "narrowly tailored to the reason for the restriction or appellant's individual needs." (Boldface omitted.)

*Legal Background*

Welfare and Institutions Code section 730 provides, in relevant part: "The [juvenile] court may impose and require any and all reasonable conditions [of probation] that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." "[J]uvenile probation conditions must be judged by the same three-part standard applied to adult probation conditions under [*People v.*] *Lent* [(1975)] 15 Cal.3d 481: 'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality ...." [Citations.]'" (*In re D.G.* (2010) 187 Cal.App.4th 47, 52-53.) Under this test, "All three requirements must be met before the condition is invalidated." (*In re Frank V.* (1991) 233 Cal.App.3d 1232, 1242.)

"The juvenile court has wide discretion to select appropriate conditions ...." (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).) "Although the goal of both [juvenile and adult] probation is the rehabilitation of the offender, '[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment; it is an ingredient of a final order for the minor's reformation and rehabilitation.' [Citation.] ... [¶] In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision

5

of the juvenile court." (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81, overruled on other grounds by *In re Jaime P.* (2006) 40 Cal.4th 128, 139.)

However, a court's discretion is not boundless. " " " "Where a condition of probation requires a waiver of precious constitutional rights, the condition must be narrowly drawn....' " " " (*In re Frank V.*, *supra*, 233 Cal.App.3d at p. 1242.) "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "A restriction is unconstitutionally overbroad ... if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' [Citations.] The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153 (*E.O.*).)

*Analysis*

As indicated above, appellant's constitutional overbreadth challenge to the gang association condition is premised on three claims, viz., the claims that the condition (1) impinges on constitutional rights, (2) is not reasonably related to present or future delinquent conduct, and (3) is not sufficiently narrowly drawn. The first of these is correct. As the People effectively concede, the gang association condition impinges on appellant's First Amendment rights of association and assembly. However, appellant's remaining two points, which we address in turn, are not well taken.

*Relation of Gang Association Condition to Present and Future Criminality*

Appellant contends the gang association condition "is not reasonably related to present or future delinquent conduct" because there was no indication that either the

6

underlying attempted burglary or appellant's subsequent misconduct were "gang related or influenced" or "the product of gang associations." (Boldface omitted.)

We assume without deciding that neither the instant offense nor appellant's probation violations were gang related, and that therefore the gang association condition is not reasonably related to *present* delinquent conduct, but as we explain below, we conclude the challenged condition is reasonably related to *future* criminality. On this point, we find instructive *In re Laylah K.* (1991) 229 Cal.App.3d 1496 (*Laylah K.*).

In that case, two minors were adjudicated of various offenses based on an incident in which the minors, who had friends who were members of the Crips gang, accosted a woman on the street, demanded to know why she was wearing an article of red clothing—red being a color associated with a rival gang—and challenged her to fight. The minors argued that *they* were not gang members and therefore, the "'Gang Terms and Conditions of Probation'" (*Laylah K.*, *supra*, 229 Cal.App.3d at p. 1499) imposed there, which included a condition prohibiting the minors from "associat[ing] with known members of the Crips gang" (*ibid.*), "were not reasonably related to their crimes or their rehabilitation" (*id*. at p. 1500) and therefore were invalid under *People v. Lent*, *supra*, 15 Cal.3d 481 (*Lent*).[5] The court rejected the minors' contentions. The court concluded that

_____

[5] We note that whether a probation condition is invalid under *Lent*, and whether a condition is unconstitutionally overbroad, are separate questions. Appellant, however, frames her constitutional overbreadth argument in terms of the *Lent* standard for determining the validity of the probation condition. That is, she frames the issue in terms of whether the challenged condition is reasonably related to *future criminality*. (See *Lent*, *supra*, 15 Cal.3d at p. 486.) The constitutional test for overbreadth, on the other hand, as phrased somewhat differently in *E.O.*, *supra*, 188 Cal.App.4th at p. 1153, requires consideration of whether the probation condition at issue is, in addition to being narrowly tailored, "'reasonably related to the *compelling state interest in reformation and rehabilitation*.'" (Italics added.) In our view, in order for a probation condition to be reasonably related to a minor's reformation and rehabilitation, it must also be reasonably related to present or future criminality. Therefore, *Laylah K.'s* response to the *Lent*-based argument raised there is instructive on the constitutional argument we address here.

the minors, "[i]f they were not already entrenched in the gang, they were well on their way[,]" based, in part, on the following:  Both minors "admitted they had friends who were members of the Crips gang[,]" including another minor who was with the minors in committing the adjudicated offenses; a family member opined that the minors were "'gang associates'"; and the probation officer concluded that the minors, in committing the adjudicated offenses, "participated in an apparent defense of what they perceived to be a symbolic challenge to Crips' territorialism."  (*Laylah K.*, at pp. 1500-1501.)

The court stated further:  "The minors' contention that mere association with gang members does not justify terms aimed at known gang members is extremely shortsighted.  Association with gang members is the first step to involvement in gang activity....  [¶] This court has previously held that probation conditions designed to curb dangerous associations with gangs were not unreasonable.  (*In re Michael D.* (1989) 214 Cal.App.3d 1610, 1617.)  While Michael D. had admitted gang affiliations, we see no logical or beneficial reason to require a court to wait until a minor has become entrenched with a gang, only then to apply mere prophylactic remedies.  [¶]  ...  [¶]  … Evidence of current gang membership is not a prerequisite to imposition of conditions designed to steer minors from [the] destructive path [of gang membership]."  (*Laylah K.*, *supra*, 229 Cal.App.3d at pp. 1501-1502.)

We recognize that the minors in *Laylah K.* exhibited a greater involvement in and identification with a gang than that shown by appellant.  However, by the same token, the record here indicates appellant's relationship to a criminal street gang went beyond simply associating with persons who happened to be gang members.  The record contains evidence that appellant had placed "gang songs," i.e., presumably, songs having a special significance to gang members, on her mother's telephone.  Such an act indicates some interest, if not actual involvement, in gang activity.  Based on this act, considered in conjunction with the evidence that appellant had, and associated with, gang member

8

friends, the court reasonably could conclude that appellant, though not in the same degree of imminent danger of "succumbing to gang pressures" (*Laylah K.*, *supra*, 229 Cal.App.3d at p. 1501) as the minors in *Laylah K.*, was, at least slightly, moving in that direction. As in *Laylah K.*, the court was not required to wait further before imposing conditions designed to "steer [her] from [the] destructive path [of gang membership]." (*Id.* at p. 1502.) On this record, the gang association condition was reasonably related to the prevention of future criminal behavior, and therefore also reasonably related to "'the compelling state interest in reformation and rehabilitation.'" (*E.O.*, *supra*, 188 Cal.App.4th at p. 1153.)

*Overbreadth*

Appellant contends the gang association condition was "not narrowly tailored to address [her] unique needs" because it would prevent contact with her father, her brother, the father of her soon-to-be-born child, at a time when, given that she was soon to give birth, contact with such persons is particularly important to appellant.

The factors cited by appellant support what is not disputed: The gang condition impinges on important constitutional rights. However, these factors do not establish that the challenged condition imposes limitations on constitutional rights that are not "closely tailor[ed] ... to the purpose of the condition ...." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Here, the purpose of the condition is to foster appellant's rehabilitation and to protect public safety by preventing appellant, who, as demonstrated above, has associated with gang member friends and has shown an interest in gang culture, from going any further down the path to gang involvement. A condition directed at preventing gang involvement that accomplishes this aim by prohibiting association with gang members is carefully tailored to its purpose. It is not overbroad.

## DISPOSITION

The judgment is affirmed.