Filed 6/24/14  P. v. Esquivel CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039949 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1239692) |
| v. | |
| ANTONIO ESQUIVEL, | |
| Defendant and Appellant. | |

### INTRODUCTION

Defendant Antonio Esquivel pleaded no contest to a count of vehicle theft (Veh. Code, § 10851, subd. (a)) and was placed on probation.  After defendant admitted a probation violation, the trial court reinstated probation with additional terms and conditions.  On appeal, defendant challenges one of the conditions that limits his attendance at any court proceeding involving a member of a criminal street gang.  He contends that the condition is unconstitutionally overbroad.  As we will explain, we will modify the challenged condition and affirm the order as so modified.

### BACKGROUND[1]

On August 27, 2012, the district attorney filed a complaint charging defendant with one count of vehicle theft (Veh. Code, § 10851, subd. (a)).  On October 18, 2012,

---

[1] The underlying facts are neither relevant nor part of the record on appeal.

defendant pleaded no contest to the charge. The trial court suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions, including a 60-day jail term.

On May 16, 2013, defendant admitted a probation violation. He also pleaded guilty to exhibiting an imitation firearm (Pen. Code, § 417.4).

The trial court reinstated a three-year probation and imposed all previously imposed terms and conditions. The court also imposed various new conditions, including a one-year jail term and several gang conditions. Relevant to this appeal, one of the probation conditions provided that: "Defendant shall not be present at any court proceeding that he knows or the probation officer informs him that a member of a criminal street gang is present or that the proceeding concerns a member of the criminal street gang unless he is a party, he is the defendant in a criminal action, or he is subpoenaed as a witness, or has prior permission from the probation officer."

Defendant generally objected to the "gang conditions" the trial court imposed. The court overruled the objection stating that it was basing the gang conditions on the original grant of probation. "In that case[,] all suspects claimed to be associated with Sure[ñ]o gangs at that time. The case involved an auto theft. And although the condition was not placed at that time, it certainly was an appropriate condition. . . . [¶] . . . [¶] . . . The other two cases involve drugs and weapons before this Court, which are also often indicators of continued gang activity. And so for the totality of the circumstances and the safety of the community, the Court is going to impose those conditions . . . ."

**DISCUSSION**

Defendant contends that the probation condition limiting his attendance at any court proceeding involving a criminal street gang member is overbroad because it "impermissibly interferes with his constitutional right of access to courts." Defendant

2

urges that the condition be stricken in its entirety or modified to mirror the language suggested by this court in *In re E.O.* (2010) 188 Cal.App.4th 1149 (*E.O.*).

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. [Citations.]" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121.) Reasonable probation conditions may infringe upon constitutional rights provided they are narrowly tailored to achieve those legitimate purposes. (*People v. Olguin* (2008) 45 Cal.4th 375, 384 (*Olguin*); *In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) "[P]robation is a privilege and not a right, and . . . adult probationers, in preference to incarceration, validly may consent to limitations upon their constitutional rights . . . ." (*Olguin, supra,* 45 Cal.4th at p. 384.) Nevertheless, our Supreme Court has recognized that "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)

"The restriction on court attendance is aimed at preventing the gathering of gang members to intimidate witnesses at court proceedings" and is "designed to address the problem of gang affiliation." (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1502, disapproved on another ground in *In re Sade C.* (1996) 13 Cal.4th 952, 962, fn. 2.) "[T]he state's ability to afford protection to witnesses whose testimony is crucial to the conduct of criminal proceedings is an absolutely essential element of the criminal justice system." (*Alvarado v. Superior Court* (2000) 23 Cal.4th 1121, 1149-1150; see also *id.,* at pp. 1149-1150, fn. 15 [describing serious problem of witness intimidation by gang members].) Thus, a limitation on defendant's presence at proceedings that involve a gang member may be reasonably related to rehabilitation, by limiting defendant's gang affiliation, and to an important state interest in preventing witness intimidation and protecting the integrity of the justice system.

Nevertheless, the public has a First Amendment right of access to criminal and civil trials. (See *Globe Newspaper Co. v. Superior Court* (1982) 457 U.S. 596, 603; *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1212; *Bill Johnson's Restaurants, Inc. v. NLRB* (1983) 461 U.S. 731, 741.) A broad ban on attendance at court proceedings may therefore impinge upon an individual's constitutional right of access.

In *People v. Leon* (2010) 181 Cal.App.4th 943 (*Leon* ), the trial court imposed a probation condition that prohibited the defendant from appearing at " 'any court proceeding' " unless he was a party, subpoenaed as a witness, or had the permission of probation. (*Id.* at p. 952.) On appeal, the defendant argued that the probation condition was an overbroad restriction of his First Amendment right of access to court proceedings. The defendant urged this court to strike the probation condition or modify it so that it referred to court proceedings involving gang members only. (*Ibid.*) Finding that the probation condition was overbroad, this court observed that "[t]here can be a variety of legitimate reasons for being at a court proceeding, other than to intimidate or threaten a party or witness. For example, defendant may need to file a document regarding a family matter or he may, as a member of the public, wish to observe a newsworthy trial not involving a gang member or himself." (*Id.* at p. 953.) Although this court acknowledged the problem of witness intimidation, it also recognized that other probation conditions that the trial court had imposed "already prevent defendant from associating with gang members and from wearing, possessing, or displaying any criminal street gang paraphernalia." (*Ibid.*) Additionally, this court noted that the condition was "not saved because it allows defendant to attend court proceedings with the probation officer's permission. A probation condition that in effect delegates unfettered discretion to a probation officer to determine its scope at the very least risks being unconstitutionally overbroad." (*Ibid.*)

4

As a result, this court in *Leon* narrowed the restriction on appearing at court proceedings to only those proceedings " 'concern[ing] a member of a criminal street gang' " or in which " 'a member of a criminal street gang is present,' " so that the modified condition read as follows: " 'You shall not be present at any court proceeding where you know or the probation officer informs you that a member of a criminal street gang is present or that the proceeding concerns a member of a criminal street gang unless you are a party, you are a defendant in a criminal action, you are subpoenaed as a witness, or you have the prior permission of your probation officer.' " (*Leon, supra,* 181 Cal.App.4th at p. 954.)

The modified probation condition in *Leon* is worded similarly to the probation condition imposed in this case. However, unlike the present case, the defendant in *Leon* did not specifically contest the probation condition on the ground that it violated the right to attend a gang-related court proceeding if the defendant or a family member is a victim of a crime, if he wanted to voluntarily testify or address the court in a setting, where comments from members of the public might be received, or if he was asked to address the court by a party's attorney.

Defendant contends that the probation condition here "suffers from the same degree of overbreadth as the one at issue" in *E.O.* In *E.O.*, this court considered the constitutionality of a condition that directed the minor to " 'not knowingly come within 25 feet of a Courthouse when the minor knows there are criminal or juvenile proceedings occurring which involves [*sic*] anyone the minor knows to be a gang member or where the minor knows a witness or victim of gang-related activity will be present, unless the minor is a party in the action or subpoenaed as a witness or needs access to the area for a legitimate purpose or has prior permission from his Probation Officer.' " (*E.O., supra,* 188 Cal.App.4th at p. 1152.)

This court highlighted the problem that "the prohibition on being *near a building* in which gang-related proceedings are known to be underway would prevent appellant

5

not only from attending a gang-related trial but also from attending other proceedings in the same, and perhaps adjacent, buildings, or indeed from entering such a building for any reason, other than as a party or witness, without his probation officer's permission, unless he 'needs' to enter for 'a legitimate purpose." (*E.O., supra,* 188 Cal.App.4th at p. 1155, fn. omitted.) The court also observed that the condition interfered with the defendant's "specific right under the state Constitution to attend and participate in court proceedings if he or a family member is a victim of a crime" and that it "would also prevent [the defendant] from testifying voluntarily or addressing the court in a setting, such as a sentencing hearing, where comments from members of the public might be received." (*Ibid.*)

Determining that the probation condition was overbroad, this court struck down the condition so as to allow the trial court to "reconsider the necessity for, and thus the purpose of, the condition." (*E.O., supra,* 188 Cal.App.4th at p. 1157.) Additionally, in a footnote, this court suggested appropriate language for the probation condition if the trial court found the condition necessary. (*Id.* at p. 1157, fn. 5.)

The suggested language in *E.O.*'s footnote relevant to this case is the restriction on attendance at any gang-related case unless, among other reasons, "You or a member of your immediate family is a victim of the activity charged in the case" and "A party's attorney has asked you to testify or to speak to the court." (*E.O., supra,* 188 Cal.App.4th at p. 1157, fn. 5.)

Here, we will modify the condition to incorporate the relevant language that was suggested in *E.O.*'s footnote, as indicated in italics: "Defendant shall not be present at any court proceeding that he knows or the probation officer informs him that a member of a criminal street gang is present or that the proceeding concerns a member of the criminal street gang unless he is a party, he is the defendant in a criminal action, he is subpoenaed as a witness, *he or a member of his immediate family is a victim of the activity charged in the case,* a *party's attorney has asked him to testify or speak to the*

6

*court*, or he has prior permission from the probation officer." (See *E.O., supra,* 188 Cal.App.4th at p. 1157, fn. 5.)

<h2 style="text-align:center">DISPOSITION</h2>

As to the July 3, 2013 order, the probation condition limiting defendant's presence at any court proceeding involving a criminal street gang member is modified to state that "Defendant shall not be present at any court proceeding that he knows or the probation officer informs him that a member of a criminal street gang is present or that the proceeding concerns a member of the criminal street gang unless he is a party, he is the defendant in a criminal action, he is subpoenaed as a witness, he or a member of his immediate family is a victim of the activity charged in the case, a party's attorney has asked him to testify or speak to the court, or he has prior permission from the probation officer."

As so modified, the order is affirmed.

_____
RUSHING, P.J.

WE CONCUR:


_____
PREMO, J.


_____
ELIA, J.