Filed 8/18/15  In re A.P. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E062579 |
| Plaintiff and Respondent, | (Super.Ct.No. J257475) |
| v. | OPINION |
| A.P., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed as modified.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kristen Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant and defendant A.P. (minor) admitted as true the allegations that he committed the crime of vandalism with damage under $400 (Pen. Code, § 594, subd. (b)(2)(A), count 1)[1] and battery (§§ 242/243, subd. (a), count 3).[2] The juvenile court declared minor a ward of the court and placed him in the custody of his mother on probation under certain terms and conditions. On appeal, minor contends that one of the probation conditions imposed must be stricken or modified. The People concede, and we agree, that the probation condition should be modified. Otherwise, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

*Vandalism* (*Count 1*)

On November 16, 2014, sheriff deputies responded to a call at Bear Gulch Park, concerning several people loitering in the parking lot and smoking narcotics. Minor began running when the deputies tried to contact him. A foot pursuit ensued, and he was apprehended. Deputies located new tagging with the initials "SR" and the moniker

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] Minor was also charged with resisting a peace officer (Pen. Code, § 148, subd. (a)(1)) in count 2, another count of vandalism (Pen. Code, § 594, subd. (b)(2)(A)) in count 4, and possession of marijuana (Health & Saf. Code, § 11357, subd. (b)) in count 5. However, the juvenile court dismissed those counts, pursuant to a motion by the People.

"Smokey" spray painted on the water fountain, playground, and inside the women's restroom. The graffiti was identical to the graffiti found in another case one week prior. One of the deputies knew that minor's moniker was "Smokey"; minor's mother had previously allowed access to her residence for the police to retrieve a notebook displaying minor's tagging and moniker. Minor was handcuffed and read his *Miranda*[3] rights. Minor then told the deputies he was a member of the tagging crew called SR, which stood for Stay Ready or Slightly Ruthless. Minor said he went by the name "Smokey." He estimated that the SR crew tagged various locations in the park about once a week. He said he did not know why he tagged, and he knew it was illegal.

*Battery* (*Count 3*)

On October 10, 2014, minor and his mother (mother) got into a verbal argument about his truancy from school. Mother searched minor's backpack and found marijuana and pipes inside. Minor attempted to grab the backpack and a struggle ensued. Minor pushed mother into a wall, pulled her to the ground, punched her hands, and elbowed her until she released the backpack.

Mother later told a probation officer that she felt that minor was "hanging around with the wrong kids," and she felt like she had no control over him.

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 486.

*Procedural Background*

Minor admitted the allegations in counts 1 and 3. The juvenile court declared him a ward and then imposed specific conditions of probation. One of the terms required that minor: "Not be present in any area, which he/she knows to be a gang gathering area. For the purpose of this paragraph, the word 'gang' means a 'criminal street gang' as defined in Penal Code Section 186.22[, subdivision] (e)(f)." Defense counsel objected to the term as being unconstitutionally vague and argued that there needed to be "more specific information about which gang and their areas of location." The court overruled the objection and modified the term to add "or any tagging crew or party crew." Thus, the modified condition (No. 22) read as follows: "Not be present in any area, which he/she knows to be a gang gathering area. For the purpose of this paragraph, the word 'gang' means a 'criminal street gang' as defined in Penal Code Section 186.22[, subdivision] (e)(f) or any tagging crew or party crew."

## ANALYSIS

### Probation Condition No. 22 Should Be Modified

Minor states that probation condition No. 22 was fine in its original form, but contends that the addition of the terms "tagging crew" and "party crew" made it unconstitutionally vague and overbroad, in violation of his First, Fifth, and Fourteenth Amendment rights. He specifically argues that the condition is vague because the undefined terms of "tagging crew" and "party crew" do not give clear guidance as to what locations he must avoid. Minor further contends the condition is overbroad, since

4

there was no evidence that his offenses had anything to do with a "party crew." The People concede, and we agree, that the term "party crew" should be stricken from the probation condition. Otherwise, we uphold the condition.

A. *Relevant Law*

"A juvenile court is vested with broad discretion to select appropriate probation conditions. [Citation.] The court may impose any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' [Citation.] A condition of probation that is impermissible for an adult probationer is not necessarily unreasonable for a minor. [Citation.] Juveniles are deemed to be more in need of guidance and supervision than adults, and their constitutional rights are more circumscribed. [Citation.] Further, when the state asserts jurisdiction over a minor, it stands in the shoes of the parents. A parent may curtail a child's exercise of constitutional rights because a parent's own constitutionally protected "'"liberty"'" includes the right to "'"bring up children"'" and to "'"direct the upbringing and education of children."'" [Citation.] Thus, the juvenile court may impose probation conditions that infringe on constitutional rights if the conditions are tailored to meet the needs of the minor. [Citation.]" (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033-1034.)

"Prohibitions against a variety of gang-related activities have been upheld when imposed upon juvenile offenders. [Citations.]" (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624.) "[P]robation terms have been approved which bar minors from being present

5

at gang gathering areas, associating with gang members, and wearing gang clothing. [Citation.]" (*Ibid*.) "Because '[a]ssociation with gang members is the first step to involvement in gang activity,' such conditions have been found to be 'reasonably designed to prevent future criminal behavior.' [Citation.]" (*Ibid*.)

B. *The Phrase "Tagging Crew" is Sufficiently Precise for Minor to Know What is Required of Him*

Minor argues that the term "tagging crew" does not provide him with adequate notice as to what areas he must avoid in order to comply with his probation terms and, as such, is unconstitutionally vague. He specifically asserts that there was no definition of what constituted a "tagging crew." We uphold that portion of term No. 22.

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) "A condition is sufficiently precise if its terms have a 'plain commonsense meaning, which is well settled. . . .'" (*In re R.P.* (2009) 176 Cal.App.4th 562, 566.)

Condition No. 22 prohibited minor from being present in any area he knew to be a gang gathering area, and it stated that, "[F]or the purpose of this paragraph, the word 'gang' means a 'criminal street gang' as defined in Penal Code Section 186.22[, subdivision] (e)(f) or any tagging crew or party crew." A criminal street gang is defined as an ongoing association or group of three or more people with a common name or

6

common identifying symbol, that has as one of its primary activities the commission of crimes, such as felony vandalism (§ 594, subd. (b)(1)), and whose members engage in a pattern of criminal gang activity (§ 186.22, subds. (e)(20) & (f)).

Minor's probation report disclosed that he admitted he and 20 kids were "chilling at the park" on November 20, 2014, and that he had tagged the park that day. He further admitted he belonged to the SR tagging crew, and he went by the name of "Smokey." He said he frequently hung out with the group and estimated that they went to Bear Gulch Park about once a week and tagged various locations. Minor said he knew that tagging was illegal. In light of minor's description, it was reasonable to assume that the SR tagging crew fit within the definition of a criminal street gang under section 186.22, subdivision (f), with its primary activity being vandalism. (§ 186.22, subd. (e)(20).) Furthermore, given minor's admitted membership in the SR tagging crew and his description of their activities together, it was clear he understood what a tagging crew was. Thus, the term "tagging crew," as used in minor's probation condition, was not unconstitutionally vague.

Minor argues that condition No. 22 should be modified to limit it solely to the tagging crew with which he was associated, the SR tagging crew. However, we agree with the People that the court could reasonably require minor to stay away from all tagging crews. Minor's admitted affiliation with the SR tagging crew, combined with his impressionable age and the fact that he knowingly committed crimes, certainly warranted the court's concern that he was in danger of falling under the influence of any tagging

7

crew. The imposition of condition No. 22, with the phrase "tagging crew," was thus a reasonable preventive measure in helping minor to avoid future criminality and to set him on a productive course. (See *In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1502 (*Laylah K.*).) Moreover, the probation condition was not punitive and was imposed simply to help minor keep away from tagging crews.

In his reply brief, minor further complains that condition No. 22 put him "in an impossible position if he were found in an area where a tagging crew other than the SR tagging crew happened to gather from time to time." He claims he could be found in violation of his probation if he "happen[ed] to wander into such a location," and asserts that there was no evidence "he ha[d] any idea where other tagging crews might congregate." Nonetheless, "he [was] expected to avoid those areas or risk violating his probation." However, condition No. 22 only prohibited minor from being in areas where he *knew* gangs gathered. Furthermore, a probation term should be given "the meaning that would appear to a reasonable, objective reader." (*People v. Bravo* (1987) 43 Cal.3d 600, 606.) Thus, minor would only be in violation of this condition if he was found in an area where he *knew* other tagging crews gathered, not when he happened to wander into such area.

C. *The Phrase "Party Crew" Should Be Stricken*

Minor argues that the term "party crew" is unconstitutionally vague and overbroad, and that it infringes on his right to freedom of association. The People concede that the phrase "party crew" is unconstitutionally vague and overbroad. Nothing

in the record explains what a "party crew" is, nor does the record indicate that minor was involved with a "party crew." Thus, we agree with the People that the term "party crew" should be stricken from condition No. 22.

In sum, probation condition No. 22, as modified, simply directed minor to refrain from gang/tagging crew association and was a reasonable preventive measure to help him avoid future criminality. (See *Laylah K.*, *supra*, 229 Cal.App.3d at p. 1502.)

<u>DISPOSITION</u>

Probation term No. 22 should be modified to read as follows: "Not be present in any area, which he/she knows to be a gang gathering area. For the purpose of this paragraph, the word 'gang' means a 'criminal street gang' as defined in Penal Code Section 186.22, subdivision (e)(f), or any tagging crew." In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>HOLLENHORST</u>
J.

We concur:

<u>RAMIREZ</u>
P. J.

<u>CODRINGTON</u>
J.

9