Filed 9/15/16  P. v. Espinoza CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069089 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF35369) |
| OSCAR STEVEN ESPINOZA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Imperial County, Diane B. Altamirano, Judge.  Affirmed as modified.

Britton Donaldson, under appointment of the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette C. Cavalier and Kristen Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

Oscar Espinoza appeals the terms of his probation, imposed after Espinoza pleaded no contest to violating Health and Safety Code section 11379, subdivision (a), possession of controlled substance for sale, and Vehicle Code section 10851, subdivision (a), unlawful driving or taking of a vehicle. Espinoza contends that the three conditions of his probation pertaining to gang affiliation should be stricken under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*)). On this point, we disagree. Espinoza argues in the alternative, that two of the gang conditions are unconstitutionally vague and should be modified to include a knowledge requirement. The People concede this point, and we therefore modify Espinoza's probation conditions accordingly.

## FACTUAL AND PROCEDURAL BACKGROUND

The pertinent facts in this case are undisputed. The victim, Fernando Lopez, lent his car to Espinoza and codefendant Denise Estrada. The next day, Lopez asked Espinoza and Estrada to return his car. Espinoza and Estrada refused, and Espinoza said that if Lopez went to the police he would kill Lopez's children and family.

Several days later, Officer Peter West observed Estrada driving Lopez's vehicle very slowly with Espinoza in the front passenger seat. West ran the license plates, discovered the vehicle was reported stolen and, after stopping the vehicle, learned that Espinoza and Estrada were listed as carjacking suspects. West and another officer searched the vehicle and found multiple bindles of methamphetamine, marijuana, and

a glass pipe containing methamphetamine residue. The officers then arrested Espinoza and Estrada.

During Espinoza's probation interview he admitted that he joined the North Side Centro 12 criminal street gang when he was 12 years old and that his moniker was Tito. Espinoza also admitted that he associated with Southsiders criminal street gang while he was in county jail. Espinoza claims he is no longer affiliated with any gang.

Espinoza entered a plea of no contest to one count of possession of a controlled substance for sale and one count of unlawful driving or taking of a vehicle. (Health & Saf. Code, § 11379 subd. (a); Veh. Code, § 10851.) At sentencing, the trial court ordered appellant to probation on various conditions, including:

> "7. Defendant shall not affiliate or associate with any known and identifiable gang members and stay away from where such persons congregate.

> "8. Defendant shall not exhibit any insignia or other indicia of gang affiliation, nor possess or wear any insignia or clothing associated with any gang.

> "9. Defendant shall not acquire any tattoos depicting gang or criminal affiliation including dots or teardrops."

## ANALYSIS

Espinoza contends that all three conditions are invalid under *Lent, supra,* 15 Cal.3d 481, and that conditions 8 and 9 are unconstitutionally vague for lack of a knowledge requirement. We turn first to the validity of the probation conditions under *Lent*.

3

A

"Trial courts have broad discretion to set conditions of probation in order to 'foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1.' " (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624 (*Lopez*).)  Under *Lent*, "a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality."  (*Lent, supra*, 15 Cal.3d at p. 486.)

"Because '[a]ssociation with gang members is the first step to involvement in gang activity,' [conditions forbidding gang association] have been found to be 'reasonably designed to prevent future criminal behavior.' "  (*Lopez, supra*, 66 Cal.App.4th at p. 624, quoting *In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1503.)  Similarly, restricting "the display of gang indicia [is] reasonable because it remove[s] . . . visible reminders of . . . past gang connection."  (*Lopez, supra,* at p. 624.)  However, where a defendant has no gang affiliation or other gang-related history and his underlying offense had nothing to do with a gang, conditions forbidding association with gang members have been held improper for lack of reasonable relation to future criminality.  (See *People v. Brandão* (2012) 210 Cal.App.4th 568, 576-577 (*Brandão*).)

Espinoza admitted that he had affiliated with one gang as a 12 year old, and another gang while in county jail.  The trial court could reasonably infer an increased risk Espinoza may associate with gangs, and participate in criminal gang activity in the future, from his criminal record and associations with gangs in the past.  Forbidding Espinoza from associating with gang members impedes his participation in criminal gang activity,

4

therefore, the condition of his probation to that effect reasonably relates to future criminality. (*Lopez*, *supra,* 66 Cal.App.4th at p. 624.) For similar reasons, conditions forbidding the exhibition of gang affiliation through Espinoza's choice of attire or tattoo reasonably relate to future criminality. Exhibitions of gang affiliation facilitate gang association. Displays of gang indicia remind the probationer of his past gang affiliation, and signal to others, including gang members, a willingness to associate with gang members. (*Ibid*.) Because they reasonably relate to future criminality, it was within the trial court's discretion to impose conditions of probation limiting Espinoza's association or exhibition of affiliation with gangs.

Because reasonable relation to future criminality is sufficient to uphold a probation condition under *Lent*, we need not address whether the conditions relate to the crime of which Espinoza was convicted or relate to conduct which is not itself criminal. (*Lent, supra*, 15 Cal.3d at p. 486.) We turn instead, to the vagueness of conditions 8 and 9.

B

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) In *People v. Leon* (2010) 181 Cal.App.4th 943 (*Leon*), the court analyzed a condition similar to those at issue in the instant case: " 'No insignia, tattoos, emblem, button, badge, cap, hat, scarf, bandanna, jacket, or other article of clothing which is evidence of affiliation with or membership in a gang.' " (*Id.* at p. 950 .)

There, the court held the condition was constitutionally defective for lack of an explicit knowledge requirement.  (*Ibid.*)

Espinoza contends, and the People concede, that conditions 8 and 9 are defective for the same reason the condition at issue in *Leon, supra,* 181 Cal.App.4th 943 was defective.  Both parties suggest that the conditions be modified to include an explicit knowledge requirement.  We agree, and modify the conditions accordingly.

DISPOSITION

Probation condition 8 is modified to provide as follows:  "Defendant shall not exhibit any insignia or other indicia of gang affiliation known to be such by defendant, nor possess or wear any insignia or clothing associated with any gang known to be such by defendant."  Probation condition 9 is modified to provide as follows:  "Defendant shall not acquire any tattoos depicting gang or criminal affiliation known to be such by defendant, including dots or tear drops."  The order is affirmed as modified.

_____

HUFFMAN, Acting P. J.

WE CONCUR:


_____

HALLER, J.


_____

PRAGER, J.[*]

_____

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6