Filed 10/6/15  In re Victor M. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re VICTOR M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F070118 |
| Plaintiff and Respondent, | (Super. Ct. No. JJD065574) |
| v. | |
| VICTOR M., | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

R. Randall Riccardo, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Gregory B. Wagner, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Detjen, J. and Smith, J.

The court found that appellant Victor M. was a person described in Welfare and Institutions Code section 602 after it sustained allegations charging appellant with two misdemeanors, sexual battery (Pen. Code, § 243.4, subd. (e)(1))[1] and simple battery (§ 242).

On appeal, appellant contends: (1) the evidence is insufficient to sustain the court's findings that he committed either of these offenses; and (2) the gang conditions imposed by the court are unconstitutionally vague and overbroad. We affirm.

## FACTS

On March 5, 2014, L.M. was a high school student in Visalia, California. At approximately 7:45 a.m., that day, she was riding a transit bus to school seated in a rear seat with G.R and appellant seated behind them. As L.M. played around with G.R. she heard appellant make disparaging remarks about her, including calling her a slut and other derogatory names. L.M. got mad and turned around. After G.R. said something to appellant, G.R. got up and left. When L.M. turned back around, appellant was sitting next to her. Appellant then put his arm on L.M.'s shoulders and squeezed her left breast. L.M. grabbed appellant's glasses and threw them. She then told him if he did not move she was going to hit him, but he did not move. L.M. started swinging at appellant and struck him on the face with her fist. Appellant put L.M. in a headlock and pushed her down. L.M. kept telling appellant to get off and kept hitting him until he let go. After appellant pushed L.M. into the aisle, "Josh" got between her and appellant and L.M. felt one last slap to her face. Appellant got off the bus at the next stop.

Visalia Police Detective Celestina Sanchez testified that on March 18, 2014, she spoke with appellant about the incident on the bus. Appellant told Detective Sanchez that L.M. frequently flirts with other males and he admitted calling her names like "slut." According to appellant, after he sat next to L.M., he put his arm on an armrest behind

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

L.M. and she immediately bit him on his chest, near his underarm, and on his arm. Appellant placed L.M. in a headlock because she would not stop biting him, which caused her to fall into the aisle. As they continued fighting, L.M. slapped appellant causing his glasses to fall off and break. After they stopped fighting, appellant got off at the next bus stop because he felt humiliated. According to appellant, all he did was call L.M. names and defend himself from her. He denied touching her breast. Detective Sanchez saw very slight bruising where appellant said L.M. bit him.

During closing arguments, the prosecutor argued appellant was guilty of sexual battery because he grabbed L.M.'s breast and of simple battery because he placed her in a headlock. The court reviewed a video recording of the incident before finding both allegations true. The video was not included in the record on appeal. The court, however, described its contents prior to rendering its decision. In pertinent part, the court stated the video showed that when appellant sat on L.M.'s seat, he sat down right next to her and "proceeded to push himself upon her[,]" and that there was no arm rest on the seat as appellant claimed. It also showed appellant's hand on L.M.'s shoulder "go down, and come back up again."

## DISCUSSION

*The Sufficiency of Evidence Issues*

Appellant contends the evidence is insufficient to sustain the court's true finding on the sexual battery offense because: (1) L.M. "presented several contradictory timelines regarding the sequence of events that precipitated the altercation" with appellant; (2) she omitted mentioning that she bit appellant; and (3) she never stated, that appellant touched her on the breast until it was suggested to her by the prosecution.[2]

---

[2]    In an attempt to impeach L.M., appellant cites to statements by Officer Michael Verissimo that are contained in appellant's probation report that were not presented during the hearing in this matter. Appellant's citation to these statements is improper

Additionally, with respect to the simple battery offense appellant contends the evidence shows he acted in self-defense in responding to L.M.'s aggressive and spontaneous attack.  We reject these contentions.

"…When reviewing a claim of insufficient evidence, we examine the entire record in the light most favorable to the prosecution to determine whether it contains reasonable, credible and solid evidence from which the jury could find the defendant guilty beyond a reasonable doubt.  If the circumstances reasonably justify the verdict, we will not reverse simply because the evidence might reasonably support a contrary finding.…  [Citation.]  The testimony of just one witness is enough to sustain a conviction, so long as that testimony is not inherently incredible.  [Citation.]  The trier of fact determines the credibility of witnesses, weighs the evidence, and resolves factual conflicts.  We cannot reject the testimony of a witness that the trier of fact chooses to believe unless the testimony is physically impossible or its falsity is apparent without resorting to inferences or deductions."  (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 830.)

"[Sexual battery] consists of touching an intimate part of another, against the victim's will, committed for the purposes of sexual arousal, gratification or abuse." (*People v. Chavez* (2000) 84 Cal.App.4th 25, 29.)

Although L.M. was apparently reluctant to testify that appellant touched her breast, eventually she unequivocally testified that after appellant sat down next to her, he put his arm around her and grabbed her left breast.  Further, the video recorded inside the bus while this incident occurred corroborated L.M.'s testimony.  Although the video was not included in the record on appeal, the court viewed it prior to sustaining the petition allegations against appellant.  The video apparently does not show appellant actually touching L.M.'s breast because of the angle from which it was taken.  However, the court

because we may not consider evidence that was not presented in the trial court.  (*In re Zeth S.* (2003) 31 Cal.4th 396, 400, 405.)

noted on the record that the video showed appellant's hand on L.M.'s shoulder "go down, and come back up again." Thus, the evidence supports the court's finding that appellant touched an intimate part of L.M.'s body, her breast.

Further, the court could reasonably infer from appellant calling L.M. names, like slut, and his statement to Detective Sanchez that L.M. was always flirting with boys, that he touched L.M.'s breast "for the specific purpose of sexual arousal, sexual gratification, or sexual abuse[.]" (§ 243.4, subd. (e).) Therefore, even if L.M.'s testimony was contradictory, failed to mention that she bit appellant, or was prompted by the prosecutor's questions, since her testimony that appellant touched her breast was not inherently incredible or patently false, the evidence supports the court's true finding on the sexual battery count.

"'A battery is any willful and unlawful use of force or violence upon the person of another.' (§ 242.) 'Any harmful or offensive touching constitutes an unlawful use of force or violence' under this statute. [Citation.] 'It has long been established that "the least touching" may constitute battery. In other words, force against the person is enough; it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave a mark.'" (*People v. Shockley* (2013) 58 Cal.4th 400, 404-405.)

"It is [also] well established that the ordinary self-defense doctrine—applicable when a defendant *reasonably* believes that his safety is endangered—may not be invoked by a defendant who, through his own wrongful conduct (e.g., the initiation of a physical assault or the commission of a felony), has created circumstances under which his adversary's attack or pursuit is legally justified." (*In re Christian S.* (1994) 7 Cal.4th 768, 773, fn. 1.)

Appellant willfully used force on L.M. when, as argued by the prosecution, he placed her in a headlock. Further, since appellant precipitated L.M.'s aggressive conduct in defending herself because appellant called her names, put his arm around her, and grabbed her breast, he may not claim he acted in self-defense when he put L.M. in a

5.

headlock or, otherwise, physically assaulted her. Thus, we also conclude that the evidence is sufficient to sustain the court's true finding with respect to the simple battery offense.

*The Probation Conditions Relating to Gangs*

On September 11, 2014, the court placed appellant on probation. As part of the terms and conditions of his probation, the court ordered appellant to comply with condition 21, which contained the following gang terms requiring that appellant:

> "a. Not be a member of, or associate with, any person the child knows, or should reasonably know, to be a member or to be involved in the activities of a criminal street gang.

> "b. Not wear or display items or emblems reasonably known by the minor to be associated with or symbolic of gang membership.

> "c. Not acquire any new tattoos or piercings known to the minor to be gang related and have any existing tattoos or piercings photographed as directed by the probation officer."

Appellant cites *People v. Lopez* (1998) 66 Cal.App.4th 615, 624 (*Lopez*) to contend that his probation conditions relating to gangs are unconstitutionally vague and overbroad because he could associate with groups of people that do not meet the definition of a criminal street gang contained in section 186.22, subdivisions (e) and (f)[3]

---

[3] Section 186.22, subdivision (f) provides: "As used in this chapter, 'criminal street gang' means any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (25), inclusive, or (31) to (33), inclusive, of subdivision (e), having a common name or common identifying sign or symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity."

Under the statute, "'pattern of criminal gang activity' means the commission of, attempted commission of, conspiracy to commit, or solicitation of, sustained juvenile petition for, or conviction of two or more of [certain identified crimes], provided at least one of these offenses occurred after the effective date of this chapter and the last of those offenses occurred within three years after a prior offense, and the offenses were committed on separate occasions, or by two or more persons[.]" (§ 186.22, subd. (e).)

and be found to have violated his probation. Thus, according to appellant, the probation conditions that incorporate the word "gang" must be stricken or modified to clarify that the word "gang" refers to a criminal street gang as defined in section 186.22, subdivisions (e) and (f). We disagree.

The juvenile court has broad discretion in formulating conditions of probation. (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81; see Welf. & Inst. Code, § 730, subd. (b).) "That discretion will not be disturbed in the absence of manifest abuse." (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5 (*Josh W.*).) The juvenile court may impose probation conditions that infringe on constitutional rights if the conditions are reasonably related to the crime of which the minor was convicted, or to future criminality. (*In re Abdirahman S.* (1997) 58 Cal.App.4th 963, 969.) Conditions limiting gang activities have been upheld in many cases. (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1500-1502; see also *In re Michael D.* (1989) 214 Cal.App.3d 1610, 1617; *Josh W., supra,* 55 Cal.App.4th at p. 6.) Because "'[a]ssociation with gang members is the first step to involvement in gang activity[,]' such conditions have been found to be 'reasonably designed to prevent future criminal behavior.'" (*Lopez, supra*, 66 Cal.App.4th at p. 624, quoting *In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1501, 1503.)

However, "[a] probation condition is subject to the 'void for vagueness' doctrine, and thus 'must be sufficiently precise for the probationer to know what is required of him ....'" (*Lopez, supra*, 66 Cal.App.4th at p. 630.)

In *Lopez* one of the defendant's conditions of probation prohibited the defendant from being involved in gang activities, associating with gang members, wearing or possessing gang paraphernalia or displaying gang symbols. (*Lopez, supra*, 66 Cal.App.4th at p. 622.) On appeal, this court found that the word "gang" was, "on its face, uncertain in meaning" because, "[a]lthough 'gang' [had] in the recent past likely acquired generally sinister implications, the word [had] considerable benign connotations." (*Lopez, supra*, 66 Cal.App.4th at p. 631.) To eliminate any due process

7.

concerns, we modified the probation condition at issue to incorporate into it the definitions contained in subdivisions (e) and (f) of section 186.22 by adding the following sentence to the condition: "'For purposes of this paragraph, the word 'gang' means a 'criminal street gang' as defined in Penal Code section 186.22, subdivisions (e) and (f).'" (*Lopez*, *supra*, 66 Cal.App.4th at p. 638.)

*Lopez* is inapposite because, here, subdivision (a) of condition 21 uses the term, "criminal street gang." Unlike the use of the word "gang" by itself, which can refer to many types of groups of people or gangs other than those involved in criminal activities, the phrase "criminal street gang" unambiguously advises appellant that it applies to a specific type of gang, a street gang involved in criminal activities. It also fairly implies the statutory definition of gangs contained in section 186.22 subdivisions (e) and (f). (Cf. *In re Justin S.* (2001) 93 Cal.App.4th 811, 816, fn. 3.) Thus, the phrase "criminal street gang" is not unconstitutionally vague.

Further, although the other two conditions use the word "gang" rather than the phrase "criminal street gang," this phrase need not be included in every gang condition. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 914.)

Moreover, "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) Since the three conditions at issue only prohibit activities related to criminal street gangs and they are closely tailored to the legitimate state interest of rehabilitating appellant, they also are not unconstitutionally overbroad. (Cf. *People v. Leon* (2010) 181 Cal.App.4th 943, 951 [the court rejected the contention that the probation condition that used the phrase "criminal street gang" was unconstitutionally overbroad].)

## DISPOSITION

The judgment is affirmed.