Filed 12/11/15  P. v. Zamudio CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

<table>
<tr><td>THE PEOPLE,</td><td>D067818</td></tr>
<tr><td>Plaintiff and Respondent,</td><td></td></tr>
<tr><td>v.</td><td>(Super. Ct. No. JCF34398)</td></tr>
<tr><td>JOSEPH ZAMUDIO,</td><td></td></tr>
<tr><td>Defendant and Appellant.</td><td></td></tr>
</table>

APPEAL from an order of the Superior Court of Imperial County, Ruth Bermudez Montenegro, Judge.  Affirmed as modified and remanded with directions.

Lynelle K. Hee, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Joseph Zamudio pleaded no contest to one felony count of inflicting corporal injury (Pen. Code, § 273.5, subd. (a)).[1] Zamudio was granted three years of formal probation with imposed conditions, including a criminal protective order barring any contact with the victim or any member of her family. He contends the protective order language violates his due process right and First Amendment right of association. He requests modification of the order to include a knowledge requirement and limitation of contacts to the victim and her immediate family.

FACTUAL AND PROCEDURAL BACKGROUND

On January 1, 2015, Desiree Tapia was at a party at a friend's home where she received a text message from her ex-boyfriend, Zamudio. Zamudio was angry that she attended the party without him and demanded she visit him at his home. She agreed, but on arrival remained in her car. Zamudio entered the vehicle and sat in the passenger seat. After a brief verbal altercation, Zamudio struck Tapia five times in her head, eye, and mouth with a closed fist. They exited the vehicle and Zamudio continued to yell and shove Tapia until she left. After Tapia returned home, Zamudio continued to send her texts, threatening suicide unless she agreed to continue their relationship. On January 7, 2015, Zamudio was arrested and admitted the couple had argued but did not remember inflicting any injury because he was in an alcoholic blackout.

Zamudio pleaded no contest to one felony count of inflicting corporal injury and received three years' formal probation. (§ 273.5, subd. (a).) The trial court also ordered a

---

1    All subsequent statutory references are to the Penal Code unless otherwise specified.

2

52-week anger management program and instituted a criminal protective order barring Zamudio from contact with the victim, Tapia, or any member of her family. This included "any communication personally or through a third party and whether verbal, written, or by non-verbal conduct." The order was to remain in effect for 10 years. At the time of sentencing, Zamudio did not object to the protective order.

Zamudio appeals the language of the protective order. He argues "any member of her family" is unconstitutionally vague and violates his First and Fourteenth Amendment rights because the language is not limited to individuals he knows to be Tapia's family members. He seeks to modify the language so that it includes an explicit knowledge requirement and bars contact only with Tapia's immediate family. The People contend the protective order conditions have an implied scienter requirement, and in the interest of public safety the order should not be modified.

DISCUSSION

Section 1203.097, subdivision (a)(2), requires the trial court to impose a criminal protective order as a probation condition in domestic violence cases. Zamudio contends the protective order language barring contact with any member of Tapia's family is unconstitutional because it is vague and overbroad, violating his right to due process and freedom of association.

Where probation is permitted by statute, the trial court is vested with broad discretion. We review imposition of a probation condition for abuse of discretion. (*People v. Lent* (1975) 15 Cal.3d 481, 485-487; *People v. Olguin* (2008) 45 Cal.4th 375,

3

379.)  " 'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ."  [Citation.]' "  (*Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 319.)  "As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or ' "exceeds the bounds of reason, all of the circumstances being considered." ' "  (*People v. Welch* (1993) 5 Cal.4th 228, 234.)

*Explicit Knowledge Requirement*

A probation condition may be challenged as unconstitutionally vague, violating the due process requirement of adequate notice.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)  Probation conditions "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated."  (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.)  The vagueness doctrine bars enforcement of a probation condition that " ' "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." ' "  (*People v. Castenada* (2000) 23 Cal.4th 743, 751.)

Zamudio maintains the protective order language in condition No. 7, barring all contact with "any family member" of Tapia, is unconstitutionally vague because it has no knowledge requirement.  He argues that without a knowledge requirement, he is not

4

given fair warning that his conduct violates a condition of probation because he may not know if an individual is a person related to Tapia. We agree with Zamudio that the word "family" without an express knowledge requirement is unconstitutionally vague.

The underpinning of the vagueness challenge is the due process of fair warning, and the rule of fair warning consists of the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders, protections embodied in the due process clauses of the federal and California Constitutions. (*People v. Castenada*, *supra*, 23 Cal.4th at p. 751.) In *In re Sheena K.*, the court required a knowledge element and determined it should be explicit. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 892; see *People v. Kim* (2011) 193 Cal.App.4th 836, 843 [finding "California appellate courts have found probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have knowledge of the prohibited conduct or circumstances."].) If a no-contact condition does not contain a knowledge requirement, a probationer may not know who the disapproved persons are. (See *Sheena K.*, at p. 892; see also *People v. Lopez* (1998) 66 Cal.App.4th 615, 629; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102.) Here, the condition lacks an explicit knowledge requirement and the trial court's minute order does not provide clarification. (See *In re Byron B.* (2004) 119 Cal.App.4th 1013, 1015; *People v. King* (1968) 267 Cal.App.2d 814, 825-826 [probation condition was not vague because the trial court gave a detailed explanation of the condition and the defendant's required conduct to avoid probation revocation.].)

5

The People contend the probation condition has an implied scienter requirement, as held in *People v. Patel* (2011) 196 Cal.App.4th 956. However, in *Patel*, the court expressed its frustration with having to continuously revisit the express scienter requirement in probation orders and instead noted that since there is a substantial body of case law that establishes a "probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter" (*id.* at p. 960), it would no longer entertain the issue. (*Id.* at pp. 960-961.) A number of courts have declined to follow this rationale.[2] (See *People v. Hall* (2015) 236 Cal.App.4th 1124, 1131; *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1351; *People v. Moses* (2011) 199 Cal.App.4th 374, 380-381.)

The People also rely on *People v. Rodriguez* (2013) 222 Cal.App.4th 578 and *People v. Moore* (2012) 211 Cal.App.4th 1179 for an implied scienter proposition. These cases are distinguishable because each involved a probation condition that barred the possession of a firearm and the condition replicated a statute with an implied scienter requirement. (*Rodriguez,* at p. 583; *Moore,* at p. 1183.) Furthermore, in *People v. Moore*, the court explicitly differentiated between knowledge of possession of a readily identifiable thing from knowledge of association or contact with persons, stating "[w]here a probation condition prohibits association with certain categories of persons, presence in certain types of areas, or possession of items that are not easily amendable to precise

---

[2]     Whether a no-contact probation condition must be modified to explicitly include a knowledge requirement is currently pending review by the California Supreme Court. (I*n re A.S.* (2014) 227 Cal.App.4th 400, review granted Sept. 24, 2014, S220280.)

definition, 'an express knowledge requirement is reasonable and necessary.' " (*Moore*, at p. 1185.)

*Condition Is Not Overbroad with an Explicit Knowledge Requirement*

Zamudio argues the unqualified term "family" is undefined and thus is unconstitutionally overbroad, violating his right to association because it bars contact with any member of Tapia's family. We agree, in part.

Probation is privilege, not a right. (*In re York* (1995) 9 Cal.4th 1133, 1150.) Because probation conditions foster rehabilitation and protect public safety, they may infringe on the constitutional rights of the probationer, who is "not entitled to the same degree of constitutional protection as other citizens." (*People v. Peck* (1996) 52 Cal.App.4th 351, 362.) If an otherwise valid probation condition impinges on a constitutional right, it must be carefully tailored, relate to a compelling state interest, and be necessary to accomplish these goals. (*People v. Robinson* (1988) 199 Cal.App.3d 816, 818.)

"The elimination of domestic violence is a compelling state interest. The Legislature's stated purpose in enacting the Law Enforcement Response to Domestic Violence Act (§§ 13700–13731; Stats. 1984, ch. 1609, § 3, p. 5713) was 'to address domestic violence as a serious crime against society and to assure the victims of domestic violence the maximum protection from abuse which the law and those who enforce the law can provide.' (Stats. 1984, ch. 1609, § 1, p. 5711.) The Legislature expressed its intent 'that the official response to cases of domestic violence shall stress the enforcement

7

of the laws to protect the victim and shall communicate the attitude that violent behavior in the home is criminal behavior and will not be tolerated.' " (*People v. Jungers* (2005) 127 Cal.App.4th 698, 704.)

"[R]estriction of the right of association is part of the nature of the criminal process." (*People v. Robinson, supra,* 199 Cal.App.3d at p. 818.) Under section 1203.097, subdivision (a)(2), the Legislature mandated that in domestic violence cases, the court impose a criminal protective order to ensure the protection of victims. We agree that, without an explicit knowledge requirement, the probation condition suffers constitutional overbreadth because it prohibits Zamudio from associating with persons not known to him to be members of Tapia's family. However, the state's compelling interest in protecting domestic violence victims and their family members justifies the restriction on Zamudio's right to initiate any contact with Tapia and her family. By modifying the probation order to include an explicit knowledge requirement, the condition is sufficiently narrowly drawn to surmount an overbreadth challenge. (See *People v. Lopez, supra*, 66 Cal.App.4th at p. 629; *People v. Garcia, supra,* 19 Cal.App.4th at p. 102.) If Zamudio does not violate the protective order unless he knows the person contacted is related to the victim (i.e., a family member), then his overbreadth argument requiring the limitation to immediate family members is unnecessary.

DISPOSITION

This matter is remanded to the trial court with directions to modify the criminal protective order issued under section 1203.097, subdivision (a)(2), to include an express

8

knowledge requirement—barring contact with all persons known to Zamudio to be members of Tapia's family. The court shall prepare an amended abstract of the judgment reflecting the modification and forward the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


McDONALD, J.

WE CONCUR:

BENKE, Acting P. J.

NARES, J.

9