Filed 10/9/20  P. v. Lira CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MIGUEL ANGEL LIRA,<br><br>    Defendant and Appellant. | D076623<br><br><br>(Super. Ct. No. SCS309128) |

APPEAL from a judgment of the Superior Court of San Diego County, Francis M. Devaney, Judge.  Affirmed.

Britt Donaldson, under appointment by the Court, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Kathryn Kirschbaum, Deputy Attorneys General, for the Plaintiff and Respondent.

Miguel Angel Lira pled guilty to a felony charge of carrying a concealed dirk or dagger.  The court sentenced him to three years of probation, including 365 days in custody.  Although Lira did not object to any probation

conditions at the time of sentencing, he now maintains probation condition No. 6(k), which requires him to report contacts with law enforcement to his probation officer, is vague and overbroad and places an undue burden on him because it infringes on his constitutional rights to freely associate and travel. We disagree and will affirm.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Police contacted Lira for being in a park after hours. During the conversation, Lira threw a methamphetamine glass pipe on the ground, causing it to shatter. Although he admitted the pipe was his, he claimed it was for marijuana. Police placed Lira under arrest for possessing the drug paraphernalia and searched him. They found a fixed blade knife concealed under his jacket.

The complaint charged Lira with carrying a concealed dirk or dagger (Pen. Code,[2] § 21310; count 1) and possession of paraphernalia used for narcotics (Health & Saf. Code, § 11364; count 2). He pled guilty to count 1 in exchange for dismissal of count 2 and an agreement that the State would not pursue any prior strikes.

The court placed Lira on probation and suspended a three-year sentence on condition that Lira serve 365 days in the custody of the county sheriff. One of Lira's probation conditions, condition No. 6(k), was to "[p]rovide true name, address, and date of birth if contacted by law enforcement. Report contact or arrest in writing to the [probation officer

---

[1]    Because Lira pled guilty, we take the background facts from the probation report.

[2]    Further section references are to the Penal Code unless otherwise specified.

(P.O.)] within 7 days.  Include the date of contact/arrest, charges, if any, and the name of the law enforcement agency."

Lira filed and received a certificate of probable cause and appealed to challenge probation condition No. 6(k).  Lira timely appealed.

DISCUSSION

Lira challenges probation condition No. 6(k) on the grounds that it is vague and overbroad.  He argues the reference to "contact" in the condition is vague because it could include insignificant and lawful conduct, and it is overbroad because an attempt to comply and avoid contacts with law enforcement would require him to forego his constitutional rights to free association and travel.

Generally, the failure to object to a probation condition at sentencing forfeits a later challenge to the condition.  (*People v. Welch* (1993) 5 Cal.4th 228, 237.)  Failure to timely object to probation conditions can serve as a basis for applying the forfeiture doctrine to attempts to raise objections for the first time on appeal.  (*In re I.V.* (2017) 11 Cal.App.5th 249, 260-261 (*I.V.*).)  However, there is an exception when the challenge raises issues of pure law, based on undisputed facts, including challenges of overbreadth and vagueness.  (*Welch,* at p. 235; *In re Sheena K.* (2007) 40 Cal.4th 875, 887-889 (*Sheena K.*); *In re Justin S.* (2001) 93 Cal.App.4th 811, 814-816.)  In this situation, our review is limited to "a term of probation on the ground of unconstitutional vagueness or overbreadth that is capable of correction without reference to the particular sentencing record developed in the trial court."  (*Sheena K.,* at p. 887.)

A.  Vagueness Challenge

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'  [Citation.]  The rule of fair warning consists of 'the

3

due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.  (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 7).' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)  "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*)  Probation conditions are given " ' "the meaning that would appear to a reasonable, objective reader." ' " (*I.V.*, *supra,* 11 Cal.App.5th at p. 261.)  The mere fact that there " ' " 'may be difficulty in determining whether some marginal or hypothetical act is covered by [a condition's] language' " ' " does not render the condition "impermissibly vague." (*Ibid.*)

Lira relies on *People v. Relkin* (2016) 6 Cal.App.5th 1188 (*Relkin*) to support his argument that the portion of the condition requiring him to report any "contact" with law enforcement is unconstitutionally vague.  In *Relkin*, the court considered a probation condition that required the defendant "to 'report to the probation officer, no later than the next working day, any arrests or any contacts with or incidents involving any peace officer.' " (*Id.* at p. 1196.)  The court concluded that "the portion of the condition requiring that defendant report 'any contacts with . . . any peace officer' " was vague because it "does indeed leave one to guess what sorts of events and interactions qualify as reportable." (*Id.* at p. 1197.)  According to the court, it was not certain that the condition would not be triggered "when defendant says 'hello' to a police officer or attends an event at which police officers are present, but would be triggered if defendant were interviewed as a witness to a crime or if his 'lifestyle were such that he is present when

4

criminal activity occurs.' " (*Ibid.*) "The language does not delineate between such occurrences and thus casts an excessively broad net over what would otherwise be activity not worthy of reporting." (*Ibid.*)

In contrast to the condition in *Relkin*, the condition Lira challenges requires him to "[p]rovide [his] true name, address, and date of birth if contacted by law enforcement," which would appear to an objective, reasonable reader to refer to contacts initiated by a law enforcement officer when the officer requests such information from Lira. This would not include mere greetings by law enforcement officers or conversations at events attended by Lira. Additionally, the requirement that Lira's report of the contact or arrest include the name of the law enforcement agency and any charges indicates the interaction must be one in which that information was supplied to Lira, or one in which he was made aware of the information. A reasonable reading of this condition would distinguish between a casual, random interaction with a law enforcement officer, like exchanging pleasantries, from situations in which Lira is a witness to a crime or is stopped by a law enforcement officer and questioned. We therefore reject Lira's vagueness challenge to condition No. 6(k).

B. Overbreadth Challenge

Lira also complains that the condition is overbroad because, he contends, it is not carefully tailored and reasonably related to the compelling state interest of reformation and rehabilitation.

"If a probation condition serves to rehabilitate and protect public safety, the condition may 'impinge upon a constitutional right otherwise enjoyed by the probationer, who is "not entitled to the same degree of constitutional protection as other citizens." ' " (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355.) A constitutionally overbroad condition is one that

restricts a defendant's fundamental constitutional rights to a greater degree than necessary to achieve the condition's purpose. (*People v. Olguin* (2008) 45 Cal.4th 375, 384.) The overbreadth doctrine requires that probation conditions that may impinge on constitutional rights be tailored carefully and be reasonably related to the compelling state interest in reformation and rehabilitation. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910.) " 'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.' [Citation.]" (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346.)

The rights Lira claims condition No. 6(k) violates are not absolute; probationers do not enjoy the absolute liberty to which other citizens are entitled. (*Griffin v. Wisconsin* (1987) 483 U.S. 868, 874.) For example, the restriction of the right of association is part of the nature of the criminal process. (*People v. Robinson* (1988) 199 Cal.App.3d 816, 818.) The right to travel likewise is not absolute; a probation condition may restrict this right as long as it reasonably relates to reformation and rehabilitation. (*In re White* (1979) 97 Cal.App.3d 141, 149.)

Lira never explicitly describes how his right of association or freedom to travel is improperly infringed upon as a result of this probation condition. This probation condition, reasonably read, does not require Lira to report to his probation officer each time he sees or has casual contact with a law enforcement officer, so it does not restrict his association with law enforcement officers or limit his ability to travel to avoid them. Accordingly, the condition does not improperly impinge on Lira's constitutional rights.

6

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


DATO, J.